

1  NEGER HEKMAT ALAMI
   SHAHROKH ALAMI
2  536 MATTERHORN DR
   WALNUT CREEK, CALFORNIA 94598
3

4

5              UNITED STATES DISTRICT COURT

6

7              NORTHERN DISTRICT OF CALIFORNIA

8

9   NEGER HEKMAT ALAMI                CASE # 08        0893

10  SHAHROKH ALAMI                     NOTICE OF PETITION AND     VRW
                                       VERIFIED PETITION FOR
11
                                       WARRANT OF REMOVAL BY
12     PLAINTIFFS
                                       THREE-JUDGE PANEL: 28 U.S.C. □
13  Vs.                                1441(a),  COMPLAINT FOR
14  SUPERIOR COURT OF CALIFORNIA,      DAMAGES
15  COUNTY OF CONTRA, SAXON            WRONGFUL FORECLOSURE,
16  MORTGAGE, QUALITY LOAN            CONVERSION,  QUIET TITLE TO
17  SERVICE CORP,                      REAL PROPERTY;
18     DEFENDANTS                      INJUNCTIVE RELIEF
19  DOES 1-20 .
                                       22 U.S.C. § 282f
20

21

22

23  _____

24  **Plaintiff complains and for causes of action alleges as follows:**

25              **GENERAL ALLEGATIONS**

26              **FIRST CAUSE OF ACTION**

27     **PLAINTIFF'S COMPLAINT TO RECOVER POSSESSION OF REAL**
                          **PROPERTY**
28                           I

1

At all times herein relevant, Plaintiff was a resident of the State of California.

**II**

**Defendant SAXON MORTGAGE is, and at all times herein mentioned was a Foreign Corporation based either in the State of Virginia or in the State of Texas, and as such, not a California based corporation. Defendant Quality Loan Services is not a California Corporation, Plaintiff will amend the complaint once the corporate identity of Quality Loan Services is ascertained.**

**III**

The Federal District Court has jurisdiction because, For the purpose of any action which may be brought within the United States, its Territories or possessions, or the Commonwealth of Puerto Rico by or against the Bank in accordance with the agreement, the Bank shall be deemed to be an inhabitant of the Federal judicial district in which its principal office in the United States is located, and any such action at law or in equity to which the Bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of any such action. When the Bank is a defendant in any such action, it may, at any time before

the trial thereof, remove such action from a State court into the district court of the United States for the proper district by following the procedure for removal of causes otherwise provided by law.

## IV

Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES I through X, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## V

Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

## VI

Plaintiff is and at all times herein mentioned the owner and/or entitled to possession of the property located at 536 MATTERHORN DR, WALNUT CREEK, CALIFORNIA 94598.

3

## VII

Plaintiff is informed and believe and thereupon allege that each of them, claim an interest in the property adverse to plaintiff herein. However, the claim of said Defendants is without any right whatsoever, and said Defendant has no legal or equitable right, claim, or interest in said property.

## VIII

Plaintiff therefore seek a declaration that the title to the subject property is vested in plaintiff alone and that the defendant herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendants and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein.

## SECOND CAUSE OF ACTION

### CONVERSION
### AS TO SAXON MORTGAGE AND QUALITY LOAN SERVICES ONLY

## IX

As a second and apart cause of action, Plaintiff realleges the above cause of action and incorporates same as if fully set-out herein.

## X

On 7 November 07, Defendants SAXON AND QUALTITY served a Notice of Trustee's sale on Plaintiff. This is subsequent to Saxon having

begun foreclosure proceedings against Plaintiff. At all times herein relevant,

Petitioner requested that Saxon provide a full accounting on all payments

made regarding his home loan with Saxon.

Saxon willfully and deliberately failed to provide an accurate

accounting re the loan, however, Saxon proceeding with the Foreclosure.

XI

At all times herein relevant, neither Saxon nor Quality where the

owner of the mortgage on Plaintiff's residence and as such, did not have the

capacity to foreclose on the Plaintiff's residence, on or about 3 December

07, both Saxon and Quality did enter into an agreement to convert Plaintiff

property to themselves, and sold same to a third party.

## THIRD CAUSE OF ACTION AGAINST SAXON MORTGAGE AND QUALITY LOAN SERVICES

## WRONGFUL FORECLOSURE

## XII

As a third and apart cause of action, Plaintiff realleges the above

causes of action and incorporates same as if fully set-out herein.

## XIII

On 7 November 07, Defendants SAXON AND QUALTITY served a

Notice of Trustee's sale on Plaintiff. At the time of the services of the notice

of Trustee's sale of the Plaintiff's residence, neither party had the capacity

to initiate that action because, Saxon as a mortgage servicing company or

Quality owned the mortgage on Plaintiff's residences and as such, did not

have the capacity or legal right to initiate foreclosure proceedings against

This is subsequent to Saxon having begun foreclosure proceedings against

Plaintiff's residence.

## XIV

On or about 3 December 07, both Saxon and Quality did wrongfully

foreclosed on the Plaintiff's residence, sold same to a third party, and that

third party has now commenced proceedings in the Superior Court of the

State of California, more specifically, the Superior Court of the State of

California, in and for the County of Contra Costa, to evict the Plaintiff from

his residence.

## XV

Plaintiff hereby maintains that because neither Saxon nor Quality had

the right to sell his residence and as such, that the Superior Court of

California does not have jurisdiction to entertain an Unlawful Detainer action against him.

## FOURTH  CAUSE OF ACTION AGAINST SAXON MORTGAGE AND QUALITY LOAN SERVICES

## COMPLAINT TO QUIET TITLE TO REAL PROPERTY

### XV

As a fourth and apart cause of action, Plaintiff realleges the above causes of action and incorporates same as if fully set-out herein.

### XVI

On or about 3 December 07, both Saxon and Quality did wrongfully foreclosed on the Plaintiff's residence, sold same to a third party, and that third party has now commenced proceedings in the Superior Court of the State of California, more specifically, the Superior Court of the State of California, in and for the County of Contra Costa, to evict the Plaintiff from his residence.

///

///

XVII

Plaintiff is and at all times herein mentioned the owner and/or entitled to possession of the property located at **536 MATTERHORN DR WALNUT CREEK, CALFORNIA 94598**

XVIII

Plaintiff is informed and believes and thereupon alleges that Defendants and each of them claim an interest in the property adverse to plaintiff herein. However, the claim of said Defendants is without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in said property.

XIX

Plaintiff therefore seek a declaration that the title to the subject property is vested in plaintiff alone and that the defendants herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendants and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property.

WHEREFORE, plaintiff prays judgment against defendants SAXON and QUALITY and each of them, as follows:

1   For an order compelling said Defendants and each of them, to transfer legal

2
3   title and possession of the subject property to Plaintiff herein;

4    For a declaration and determination that Plaintiff is the rightful holder of
5
6   title to the property and that Defendants_ herein, and each of them, be

7   declared to have no estate, right, title or interest in said property;

8
9   For a judgment forever enjoining said defendants, and each of them, from

10  claiming any estate, right, title or interest in the subject property;

11
12   For costs of suit herein incurred

13  Dated: _____
14

15
16  Respectfully Submitted                    Respectfully Submitted

17

18  **NEGER HEKMAT ALAMI**                     **SHAHROKH ALAMI**
19

20      Plaintiff in Proper                       Plaintiff in Proper

21

22

23

24      ///

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PETITION FOR REMOVAL
## JURISDICTION AND VENUE OF ACTIONS
### 28 U.S.C. 1441(a)

Plaintiff hereby petition the Court for removal of all cases of action currently pending in the Superior Court of California, in and for the County of Contra Costa, more, specifically,  the Matter of  GUO LAING YANG v. NEGER HEKMAT ALAWI, case # WS 08-0017 to the **United States District Court, Central District Of California, consistent with** 28 U.S.C. 1441(a).

Under 28 U.S.C. $\square$ 1441(a), a party in a state court civil action may remove the action to Federal District Court if the Federal District Court has original jurisdiction over the action.  In other words, removal is reserved for those cases "that originally could have been filed in Federal District Court.

In the instant case, where diversity of citizenship exists between the parties, the proper venue for this matter is in the Federal District Court.

Furthermore, The Federal District Court has jurisdiction because, For the purpose of any action which may be brought within the United States, its Territories or possessions, or the Commonwealth of Puerto Rico by or against the Bank in accordance with the agreement, the Bank shall be deemed to be an inhabitant of the Federal judicial district in which its principal office in the United States is located, and any such action at law or in equity to which the Bank shall be a party shall be

deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of any such action. When the Bank is a defendant in any such action, it may, at any time before the trial thereof, remove such action from a State court into the district court of the United States for the proper district by following the procedure for removal of causes otherwise provided by law.

In the instant matter, Saxon and Quality are acting as banks, as such, the acts complained of herein against these defendants, is based primarily on there conducts as banks, thus, the Federal District Court is the proper venue for Plaintiff's complaint.

Dated: _____

Respectfully Submitted

Respectfully Submitted

**NEGER HEKMAT ALAMI**

Plaintiff in Proper

**SHAHROKH ALAMI**

Plaintiff in Proper

11

JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS** NEGER HEKMAT ALAMI, SHAH ROKH ALAMI

**DEFENDANTS** Superior court of California, Contra Costa, Saxon Mart Gage, Quality Loan SVCS

**(b)** County of Residence of First Listed Plaintiff Contra Costa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
536 matterhorn Pt
Walnut Creek, Ca 94598

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | **PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☒ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☒ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☒ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☒ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☒ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1441(a)

Brief description of cause:
Wrongful foreclosure, Enjunctive relief

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE 2,11,08

SIGNATURE OF ATTORNEY OF RECORD