

1  NEGER HEKMAT ALAMI
2  SHAHROKH ALAMI
   536 MATTERHORN DR
3  WALNUT CREEK, CALIFORNIA 94598

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA
7

8
            )   CASE #   08        0893
9   NEGER HEKMAT ALAMI        )
            )   ORDER TO SHOW CAUSE
10  SHAHROKH ALAMI         )
            )   FOR PRELIMINARY INJUNCTION VRW
11            )
        PLAINTIFF    )   AND TEMPORARY RESTRAINING
12            )
13  VS.           )   ORDER
            )
14  SUPERIOR COURT OF CALIFORNIA, )
            )
15  COUNTY OF CONTRA, SAXON     

16  MORTGAGE, QUALITY LOAN

17  SERVICE CORP,

18     DEFENDANTS
            )
19  _____)

20     PLAINTIFF APPLICATION FOR A PRELIMINARY INJUNCTION AND
21             TEMPORARY RESTRAINING ORDER

22     Plaintiff files this application for a **Preliminary Injunction and a**
23  **Temporary Restraining Order, in conjunction with the complaint attached**
24  **herewith,** based on the recent ruling of the UNITED STATES DISTRICT
25  COURT OF OHIO, EASTERN DISTRICT, which blocks all foreclosures in
26  Ohio until the Real Parties in interest presents proof of ownership of the
27  loan.
28  ///

In the instant case, a similar situation exists, as relates to current rage in foreclosures in the United States.

Mortgage Servicing Companies such as Saxon and Quality are uttering Notices of Defaults, and conducting Trustee's sales re mortgages that they do not own.

In the instant case, neither Saxon nor Quality are the real parties' in interest. Thus, neither has standing to commence any foreclosure action against Plaintiff in the State of California.

Companies such as Saxon and Quality are merely collectors of monies for the real party or parties in interest, who must bring the action to foreclose.

The real parties in interest are generally individuals and/or companies that buy the debt from the mortgage broker through companies that invest in CMBS (Commercial Mortgage Based Securities). These securities are sold to different investors and or/banks who, maintain the debt in SIV accounts (Structured investment vehicles) which are kept off the bank's balance sheet.

The mortgage servicing companies who may or may not have been involved in the loan initially, continues to collect monies from the home owner without every disclosing to the homeowner who the actual owner of the loan is, and it is often the case, that not even loan servicing companies such as Saxon or Quality knows who actual owns the loan.

Plaintiff further incorporates the relevant portion of the ruling by Judge Christopher A. Boyko in support of his application.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE FORECLOSURE CASES ) | CASE NO. NO.1:07CV2282 |
| | ) 07CV2532 |
| | ) 07CV2560 |
| | ) 07CV2602 |
| | ) 07CV2631 |
| | ) 07CV2638 |
| | ) 07CV2681 |
| | ) 07CV2695 |
| | ) 07CV2920 |
| | ) 07CV2930 |
| | ) 07CV2949 |
| | ) 07CV2950 |
| | ) 07CV3000 |
| | ) 07CV3029 |

**JUDGE CHRISTOPHER A. BOYKO**

**OPINION AND ORDER**
**CHRISTOPHER A. BOYKO, J.:**

On October 10, 2007, this Court issued an Order requiring Plaintiff-Lenders in a number of pending foreclosure cases to file a copy of the executed Assignment demonstrating Plaintiff was the holder and owner of the Note and Mortgage *as of the date the Complaint was filed*, or the Court would enter a dismissal. After considering the submissions, along with all the documents filed of record, the Court dismisses the captioned cases without prejudice. The Court has reached today's determination after a thorough review of all the relevant law and the briefs and arguments recently presented by the parties, including oral arguments heard on Plaintiff Deutsche Bank's Motion for Reconsideration. The decision,

3

therefore, is applicable from this date forward, and shall not have retroactive effect.

## LAW AND ANALYSIS

A party seeking to bring a case into federal court on grounds of diversity carries the burden of establishing diversity jurisdiction. *Coyne v. American Tobacco Company*, 183 F. 3d 488 (6th Cir. 1999). Further, the plaintiff "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne*, 183 F. 3d at 494; *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982).

The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge*, 454 U.S. at 472. In addition, "the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coyne*, 183 F. 3d at 494 (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F. 2d 573, 576 (6th Cir. 1991)). To satisfy the requirements of Article III of the United States Constitution, the plaintiff must show he has ***personally suffered some actual injury*** as a result of the illegal conduct of the defendant. (Emphasis added). *Coyne*, 183 F. 3d at 494; *Valley Forge*, 454 U.S. at 472.

///

///

In each of the above-captioned Complaints, the named Plaintiff alleges it is the holder and owner of the Note and Mortgage. However, the attached Note and Mortgage identify the mortgagee and promisee as the original lending institution — one other than the named Plaintiff. Further, the Preliminary Judicial Report attached as an exhibit to the Complaint makes no reference to the named Plaintiff in the recorded chain of title/interest.

The Court's Amended General Order No. 2006-16 requires Plaintiff to submit an affidavit along with the Complaint, which identifies Plaintiff either as the original mortgage holder, or as an assignee, trustee or successor-in-interest.

Once again, the affidavits submitted in all these cases recite the averment that Plaintiff is the owner of the Note and Mortgage, without any mention of an assignment or trust or successor interest. Consequently, the very filings and submissions of the Plaintiff create a conflict. In every instance, then, Plaintiff has not satisfied its burden of demonstrating standing at the time of the filing of the Complaint.

Understandably, the Court requested clarification by requiring each Plaintiff to submit a copy of the Assignment of the Note and Mortgage, executed as of the date of the Foreclosure Complaint. In the above-

captioned cases, **none** of the Assignments show the named Plaintiff to be the owner of the rights, title and interest under the Mortgage at issue as of the date of the Foreclosure Complaint.

The Assignments, in every instance, express a present intent to convey all rights, title and interest in the Mortgage and the accompanying Note to the Plaintiff named in the caption of the Foreclosure Complaint upon receipt of sufficient consideration on the date the Assignment was signed and notarized.

Further, the Assignment documents are all prepared by counsel for the named Plaintiffs. These proffered documents belie Plaintiffs' assertion they own the Note and Mortgage by means of a purchase which pre-dated the Complaint by days, months or years. Plaintiff-Lenders shall take note, furthermore, that prior to the issuance of its October 10, 2007 Order, the Court considered the principles of "real party in interest," and examined Fed. R. Civ. P. 17 — "Parties Plaintiff and Defendant; Capacity" and its associated Commentary. The Rule is not *apropos* to the situation raised by these Foreclosure Complaints. The Rule's Commentary offers this explanation: "The provision should not be misunderstood or distorted.

It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. ... It is, in cases of this sort, intended to insure against forfeiture and injustice ..." Plaintiff-Lenders do not allege mistake or that a party cannot be identified. Nor will Plaintiff-Lenders suffer forfeiture or injustice by the dismissal of these defective complaints otherwise than on the merits.

Moreover, this Court is obligated to carefully scrutinize all filings and pleadings in foreclosure actions, since the unique nature of real property requires contracts and transactions concerning real property to be in writing. R.C. § 1335.04. Ohio law holds that when a mortgage is assigned, moreover, the assignment is subject to the recording requirements of R.C. § 5301.25. *Creager v. Anderson* (1934), 16 Ohio Law Abs. 400 (interpreting the former statute, G.C. § 8543).

"Thus, with regards to real property, before an entity assigned an interest in that property would be entitled to receive a distribution from the sale of the property, their interest therein must have been recorded in accordance with Ohio law." *In re Ochmanek*, 266 B.R. 114, 120 (Bkrtcy.N.D. Ohio 2000) (citing *Pinney v. Merchants' National Bank of Defiance*, 71 Ohio St. 173, 177 (1904).[1]

This Court acknowledges the right of banks, holding valid mortgages, to receive timely payments. And, if they do not receive timely payments, banks have the right to properly file actions on the defaulted notes — seeking foreclosure on the property securing the notes. Yet, this Court possesses the independent obligations to preserve the judicial integrity of the federal court and to jealously guard federal jurisdiction.

Neither the fluidity of the secondary mortgage market, nor monetary or economic considerations of the parties, nor the convenience of the litigants supersedes those obligations.

Despite Plaintiffs' counsel's belief that "there appears to be some level of disagreement and/or misunderstanding amongst professionals, borrowers, attorneys and members of the judiciary," the Court does not require instruction and is not operating under any misapprehension.

The "real party in interest" rule, to which the Plaintiff-Lenders continually refer in their responses or motions, is clearly comprehended by the Court and is not intended to assist banks in avoiding traditional federal diversity requirements.2 Unlike Ohio State law and procedure, as Plaintiffs perceive it, the federal judicial system need not, and will not, be "forgiving in this regard."

///

## CONCLUSION

For all the foregoing reasons, the above-captioned Foreclosure Complaints are dismissed without prejudice.

IT IS SO ORDERED.

DATE: October 31, 2007
S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Plaintiff has presented with sufficiency to the Court, a substantial argument to warrant the Court granting a temporary restraining order enjoining the Superior Court of California, for the County of Contra Costa from proceeding in the Unlawful Detainer action against Plaintiff pending further investigation of this matter by the Court.

Dated:_____

Respectfully Submitted                          Respectfully Submitted


**NEGER HEKMAT ALAMI**                          **SHAHROKH ALAMI**

*Negar Hekmat Alami*                            *[signature]*

Plaintiff in Proper                             Plaintiff in Proper